IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00325-WYD-PAC

GAILEN MINNE; and
TRAVIS MINNE,

    Plaintiff(s),

v.

BARRY HINKHOUSE;
KEVIN PENNY;
DEBRA DANIEL;
NOEL WINFREY;
JERRY BRENNER;
RICK DAVIS;
JERRY MCARTHUR;
GARY MULCH;
GREG PENNY;
SEAN BRENNER;
STAN EHRLICH;
DENNIS RIDDER;
JOHN VAVRA;
LARRY VAVRA;
RANDY MILBURN;
CARL MULLIS;
WILL SPARKS; and
CITY OF BURLINGTON, COLORADO,

    Defendant(s).

_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiffs' Opposed Motion to Stay

Pending the Bankruptcy Court's Order, filed October 3, 2005, ("Motion to Stay") and

Plaintiffs' Unopposed Motion for Hearing to Determine Ethical Question, filed October

6, 2005 ("Motion for Hearing").  Defendants Jerry Brenner, Sean Brenner, and Dennis Ridder filed a Response to the Motion to Stay on October 14, 2005, ("Response") and Defendants Randy Milburn, Carl Mullis, Will Sparks, and the City of Burlington, Colorado joined in the Response on October 17, 2005.  A hearing was held on Thursday, November 3, 2005.  For the reasons stated on record at the hearing and in this Order, I find that the Motion to Stay should be **GRANTED IN PART AND DENIED IN PART** and the Motion for Hearing should be **GRANTED IN PART AND DENIED IN PART**.

On August 11, 2005, Defendants Jerry Brenner, Sean Brenner, and Dennis Ridder, filed a Motion to Dismiss Plaintiffs' eight and ninth claims for relief in this case for "loss of economic advantage" and "destruction of business interests."  In the Motion to Dismiss, which was subsequently converted to a Motion for Summary Judgment, Defendants contend that Plaintiffs lack standing to assert their eight and ninth claims for relief because those claims accrued prior to Plaintiffs filing for bankruptcy and, as such, the bankruptcy trustees have exclusive standing to assert those claims.  Plaintiffs oppose the Motion for Summary Judgment and contend that issues of fact exist as to when the eight and ninth claims accrued and as to whether the trustees have abandoned those claims.

In their Motion to Stay Plaintiffs request that I stay any ruling on the Motion for Summary Judgment pending an order from the Bankruptcy Court regarding the trustees' desire to formally pursue assets from Plaintiffs' bankruptcy estates.  In support of their Motion for Stay, Plaintiffs submit the Affidavit of Don C. Stabb in which Mr.

Staab states that the United States Trustees in both of Plaintiffs bankruptcy cases recently expressed that they would be seeking to reopen Plaintiffs' bankruptcy cases. Bankruptcy Court records indicate that in Plaintiff Travis Minne's bankruptcy, case number 03-20903-EEB, the United States Trustee filed a no asset report on May 7, 2004.  In Plaintiff Gaileen Minne's bankruptcy, case number 03-18894-HRT, the United States Trustee filed a no asset report on June 19, 2003.  At the hearing, Plaintiff introduced evidence that Harvey Sender, the United States Trustee in Plaintiff Gailen Minne's bankruptcy case has recently filed a Motion to Reopen Case in order to collect the estate's share of the proceeds from this lawsuit.  The Court was further informed that Trustee Sender has moved to withdraw the no asset report.  A decision by the Trustees to either pursue or abandon the claims asserted by Plaintiffs in this case will directly impact the issues raised in Defendants' Motion for Summary Judgment. Therefore, a temporary stay as to the issues raised in Defendants' Motion for Summary Judgment is warranted so that the Trustees in both bankruptcy cases may take appropriate action with respect the claims at issue in this case.

In conclusion, for the reasons stated above, it is hereby

ORDERED that Plaintiffs' Opposed Motion to Stay Pending the Bankruptcy Court's Order, filed October 3, 2005, is **GRANTED IN PART AND DENIED IN PART**. The Motion for Stay is **GRANTED** for a period of sixty days to and including **Friday, January 13, 2006**.  It is

FURTHER ORDERED that the parties shall file a status report no later than **Friday, January 20, 2006**, advising the Court of the status of bankruptcy cases.  The

parties shall include with their status reports any relevant motions or orders issued by the bankruptcy court.  It is

FURTHER ORDERED that Magistrate Judge Patricia A. Coan shall consider whether any pre-trial deadlines need to be adjusted in light of this Order.  It is

FURTHER ORDERED that Plaintiffs' Unopposed Motion for Hearing to Determine Ethical Question, filed October 6, 2005, is **GRANTED IN PART AND DENIED IN PART**.  The Motion is **GRANTED** to the extent that a hearing on the Motion was held on November 3, 2005.  In so far as the Motion is requesting the Court to make a determination as to whether any ethical violation has occurred, the Motion is **DENIED** and the Court declines to make such a determination.

Dated:  November 9, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge