IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00325-WYD-PAC

GAILEN MINNE; and
TRAVIS MINNE,

    Plaintiff(s),

v.

BARRY HINKHOUSE;
KEVIN PENNY;
DEBRA DANIEL;
NOEL WINFREY;
JERRY BRENNER;
RICK DAVIS;
JERRY MCARTHUR;
GARY MULCH;
GREG PENNY;
SEAN BRENNER;
STAN EHRLICH;
DENNIS RIDDER;
JOHN VAVRA;
LARRY VAVRA;
RANDY MILBURN;
CARL MULLIS;
WILL SPARKS; and
CITY OF BURLINGTON, COLORADO,

    Defendant(s).

_____

**ORDER**
_____

THIS MATTER is before the Court on Defendants Jerry Brenner's, Sean Brenner's, and Dennis Ridder's Motion to Dismiss Plaintiffs' Eight and Ninth Claims for Relief, filed August 11, 2005, which was converted to a Motion for Summary Judgment

("Motion for Summary Judgment").

In May and June of 2003, Plaintiffs Gailen Minne and Travis Minne each filed petitions for Chapter 7 bankruptcy. In both bankruptcies, the trustees filed "No Asset Reports." On February 22, 2005, Plaintiffs Gailen, Brenda, and Travis Minne filed this action asserting, among other things, that Defendants induced Plaintiff Gailen Minne to invest "virtually all his assets" in a business known as Burlington Tire & Auto, and to become its manage and eventually purchase the business, but later conspired to eliminate him from the business, and destroy his reputation. Plaintiffs also allege that Defendants conspired to destroy their business know as Limon Tire & Auto and to "destroy the reputation of the Minne family." According to Plaintiffs, the actions of Defendants caused them to lose their home and forced them to file bankruptcy.

On August 11, 2005, Defendants Jerry Brenner, Sean Brenner, and Dennis Ridder, moved to dismiss Plaintiffs' eight and ninth claims for relief for "loss of economic advantage" and "destruction of business interests." In the Motion for Summary Judgment, Defendants contend that Plaintiffs lack standing to assert their eight and ninth claims for relief because those claims accrued prior to Plaintiffs filing for bankruptcy and, as such, the bankruptcy trustee has exclusive standing to assert those claims. Plaintiffs opposed the Motion for Summary Judgment asserting that issues of fact exist as to when the eight and ninth claims accrued and as to whether the trustees have abandoned those claims.

On October 3, 2005, after the Motion for Summary Judgment was fully briefed, Plaintiffs filed a Motion to Stay in which they requested that I stay any ruling on the

Motion for Summary Judgment pending an order from the Bankruptcy Court regarding the trustees' desire to formally pursue assets from Plaintiffs' bankruptcy estates. In support of their Motion for Stay, Plaintiffs submitted an Affidavit stating that the United States Bankruptcy Trustees in both of Plaintiffs' bankruptcy cases recently expressed that they would be seeking to reopen Plaintiffs' bankruptcy cases. Because a decision by the Trustees to either pursue or abandon the claims asserted by Plaintiffs in this case directly impacted the issues raised in Defendants' Motion for Summary Judgment, I granted a partial stay to and including Friday, January 13, 2006, and ordered the parties to file a status report no later than January 20, 2006, advising the Court of the status of the bankruptcy cases, including any relevant motions or orders issued by the bankruptcy court.

Plaintiffs filed a status report on January 19, 2006, in which they state that the Trustee moved to reopen Plaintiff Travis Minne's bankruptcy, and Mr. Gibson has filed an amended schedule referencing the above-captioned case. In Plaintiff Gailen Minne's bankruptcy, which apparently was never closed, Mr. Stabb has filed an amended schedule to reference the above-captioned case as an asset. Plaintiffs further state that "[t]he trustees have agreed in principle to the representation by Counsel Stanley J. Walter in this matter and that agreement should be finalized within 10 working days."

Every action must be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). Plaintiffs' bankruptcy estates includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Such interests include causes of action. The trustee, as representative of the bankruptcy estate, has the capacity to sue and be sued and the debtor has no standing to pursue causes of action that are property of the bankruptcy estate. *Peltz v. Shidler*, 952 P.2d 793, 797 (Colo. App. 1997). When the trustee is unaware of an accrued right of action and does not abandon or administer the asset, it remains property of the estate. *Id*. Moreover, the bankruptcy court has the power to reopen the bankruptcy to administer previously unadministered assets and retains the ability to bring suit. 11 U.S.C. §§ 350(b) & 323(b). According to Plaintiffs status report, an amended schedule has been filed in both bankruptcy cases listing this case as an asset. Thus, the claims in this case that accrued prior to Plaintiffs' filing for bankruptcy are property of the bankruptcy estate, and bankruptcy trustee is the only party with standing to assert those claims.

In *Gavend v. Malman*, 946 P.2d 558 (Colo. App. 1997), a case cited by Plaintiffs, the Colorado Court of Appeals held that a trial court's entry of summary judgment in favor of defendant on plaintiff's malpractice claim on the grounds that the claim belonged to the bankruptcy estate and plaintiff was not the real party in interest while "correct" was in error and that "the appropriate course of action was to defer dismissal and allow the bankruptcy trustee a reasonable time to substitute itself as plaintiff." *See Gavend* 946 P.2d at 564-65. However, Plaintiffs have had ample time either substitute the Trustees as the real parties in interest with respect to Plaintiffs' prepetition claims, or to demonstrate to this Court that the Trustees have abandoned those claims. Plaintiffs have done neither. Therefore, it is hereby

ORDERED that Defendants Jerry Brenner, Sean Brenner, and Dennis Ridder's Motion to Dismiss Plaintiffs' Eight and Ninth Claims for Relief, filed August 11, 2005, **(docket #73)** is **GRANTED**. It is

FURTHER ORDERED that Plaintiffs' Eight and Ninth Claims for Relief are **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Defendant Noel Winfrey's Joinder in the Motion to Dismiss filed by Jerry Brenner, Sean Brenner and Dennis Ridder, filed August 25, 2005 **(docket #81)** is **GRANTED**. It is

FURTHER ORDERED that the City Defendants' Joinder in the Motion for Summary Judgment filed by Jerry Brenner, Sean Brenner, and Dennis Ridder, filed August 26, 2005, **(docket #82)** is **GRANTED**. It is

FURTHER ORDERED that Defendants Barry Hinkhouse's and Rick Davis's Motion for Joinder in Reply in Support of Motion for Summary Judgment filed by Defendants Jerry Brenner, Sean Brenner and Dennis Ridder, filed October 12, 2005 **(docket #99)** is **GRANTED.**

Dated: February 24, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge